Kenneth ADAMS et al., Plaintiffs,

v.

Joseph A. CALIFANO, Jr., Secretary of the Department of Health, Education, and Welfare, et al., Defendants.

Civ. A. No. 3095–70.

United States District Court, District of Columbia,
Civil Division.

April 1, 1977.

Joseph L. Rauh, Jr., John Silard, Elliott Lichtman, Washington, D. C., for plaintiff.

Lois Schiffer, Marcia Greenberger, Washington, D. C., for intervenor plaintiff.

Robert J. Franzinger, John T. Boese, Civil Div., Dept. of Justice, Stuart J. Land, Herbert O. Reid, Sr., Washington, D. C., for defendants.

## SECOND SUPPLEMENTAL ORDER

JOHN H. PRATT, Judge.

Plaintiffs having filed a Motion for Further Relief concerning the higher education phase of this litigation, and the Court having reviewed the extensive documentary evidence, depositions and opposition thereto, and having heard argument upon plaintiffs' motion, the Court hereby makes the following findings and conclusions and grants further relief as hereafter set forth.

1. Pursuant to this Court's November 16, 1972 Opinion finding that defendants had failed to enforce Title VI of the 1964 Civil Rights Act with respect to public higher education systems in ten states, on February 16, 1973 this Court ordered defendants within 120 days to commence Title VI enforcement proceedings against states which failed to undertake higher education desegregation. *Adams v. Richardson*, 356 F.Supp. 92 (D.D.C.1973).

2. On review, the Court of Appeals for the District of Columbia Circuit on June 12, 1973 affirmed this Court's Order, but it granted a period of 120 days to permit submission by the ten states of higher education desegregation plans, and an additional 180 days thereafter before commencement of enforcement proceedings against "those states whose plans are not acceptable." In so doing, the Court of Appeals emphasized that HEW has "not yet formulated guidelines for state-wide systems of higher learning"; that "the problem of integrating higher education must be dealt with on a state-wide rather than a school-by-school basis"; and that the controversy involves "the complex problem of system-wide racial imbalance" in public higher education. *Adams v. Richardson*, 156 U.S.App. D.C. 267, 480 F.2d 1159, 1164–65 (1973). Subsequently, by consent of the parties and pursuant to this Court's Order of March 22, 1974, the higher education enforcement deadline was further extended to June 21, 1974.

3. Prior to the aforesaid deadline date, defendants had transferred the higher education desegregation issue concerning Louisiana to the Department of Justice for the commencement of enforcement proceedings. Mississippi was referred to the Department of Justice after the state's plan was rejected. In June of 1974 defendants found acceptable in each of the eight remaining states the states' proposed higher education desegregation plans. As hereafter specified, the Court finds that such plans did not meet important desegregation requirements and have failed to achieve significant progress toward higher education desegregation.

4. In individual communications sent to the ten states in November of 1973 and April of 1974, defendants identified the critical requirements of an acceptable desegregation plan. The Court finds that the desegregation plans submitted by the state systems of higher education, and accepted HEW in June of 1974, failed to meet the requirements earlier specified by defendants. Defendants accepted such plans al-

though plaintiffs had submitted to defendants on April 1, 1974 an extensive memorandum which had specified the importance of obtaining from each state specific commitments for change and in particular as concerns the desegregation of student bodies, of faculties, the enhancement of Black institutions long disadvantaged by discriminatory treatment, and desegregation of the governance of higher education systems.

5. The failure of the plans accepted by HEW in 1974 to achieve desegregation progress is not disputed by the defendants. In the deposition taken of OCR Director Holmes in October of 1975, he conceded (Tr. 29–30, 50–51) that the general segregated pattern in student attendance and faculty assignment which had existed before the plans were accepted remained substantially unchanged. More recently, counsel for defendants conceded to this Court in argument of January 17, 1977 (Tr. 37) that the plans "haven't worked."

6. The deposition taken of OCR Director Martin Gerry on January 13, 1977 further confirms the lack of progress, and the need to obtain specific commitments necessary for a workable higher education desegregation plan. Director Gerry so conceded concerning admission, recruitment, and retention of students (Tr. 5–15), concerning the placement and duplication of program offerings among institutions (Tr. 17), the role and the enhancement of Black institutions (Tr. 15–18), and concerning changes in the racial composition of the faculties involved (Tr. 20–22). Mr. Gerry generally conceded that in retrospect the 1974 plans lacked "standards of clarity and specificity" and the necessity that HEW "get about the business of changing them or altering them." (Tr. 15–19).

7. Based upon the foregoing findings the Court concludes that, in violation of Title VI of the 1964 Civil Rights Act, defendants are continuing to grant federal aid

to public higher education systems which have not achieved desegregation or submitted acceptable and adequate desegregation plans in the states of Arkansas, Florida, Georgia, North Carolina, Oklahoma, and Virginia. The Court makes no present finding, and defers further action, respecting the states of Louisiana and Mississippi which are the subject of judicial enforcement proceedings elsewhere; the state of Maryland whose claim that HEW failed to adequately engage in voluntary compliance is pending before the Court of Appeals for the Fourth Circuit; and the state of Pennsylvania which is engaged with plaintiffs and defendants in settlement negotiations.

8. The Court of Appeals has already noted (*Adams, supra,* at 1164), "Perhaps the most serious problem in this area is the lack of state-wide planning to provide more and better trained minority group doctors, lawyers, engineers and other professionals. A predicate for minority access to quality post-graduate programs is a viable, coordinated state-wide higher education program that takes into account the special problems of Black colleges. * * * These Black institutions currently fulfill a crucial need and will continue to play an important role in Black higher education." The process of desegregation must not place a greater burden on Black institutions or Black students' opportunity to receive a quality public higher education. The desegregation process should take into account the unequal status of the Black colleges and the real danger that desegregation will diminish higher education opportunities for Blacks.[1] Without suggesting the answer to this complex problem, it is the responsibility of HEW to devise criteria for higher education desegregation plans which will take into account the unique importance of Black colleges and at the same time comply with the congressional mandate.

Now, therefore, it is hereby ORDERED and DECREED that:

---

1. The National Association for Equal Opportunity in Higher Education, composed of 107 Presidents of Black colleges, in an *amicus* brief before the Court of Appeals, in argument before this Court, and in a statement of March 3, 1977 filed herein, has consistently voiced its concern about the possible adverse effects of state plans on the future of Black colleges and their primary mission of educating Black Americans.

1. Defendant shall promptly notify the States of Arkansas, Florida, Georgia, North Carolina, Oklahoma, and Virginia that the higher education desegregation plans submitted by them to HEW in 1974 are not adequate to comply with Title VI of the 1964 Civil Rights Act.

2. Within 90 days from the date of this Order, defendants shall transmit to the six states and serve upon the plaintiffs and this Court final guidelines or criteria specifying the ingredients of an acceptable higher education desegregation plan.

3. Defendants shall require each state to submit, within 60 days of receipt by said states of the final guidelines or criteria, a revised desegregation plan.

4. Defendants shall accept or reject such submissions by the said states within 120 days thereafter.

5. Plaintiffs' representatives shall be afforded timely access to all submitted desegregation plans in order to comment on said plans and shall continue to receive the bi-annual reports on higher education compliance required by Paragraph 1B(2)b of this Court's Order of February 16, 1973.